955 P.2d 1093

Frank PALOMO, surviving spouse
of Nancy Palomo, deceased,
Claimant–Respondent,

v.

J.R. SIMPLOT COMPANY, self-insured
employers, Defendant–Appellant,

and

State of Idaho, Industrial Special
Indemnity Fund, Defendant.

No. 23683.

Supreme Court of Idaho,
Boise, December 1997 Term.

March 19, 1998.

Daniel A. Miller, Boise, for appellant. Daniel A. Miller argued.

Stanley G. Cole; Pena Law Offices, Rupert, for respondent. Raymundo G. Pena argued.

TROUT, Chief Justice.

This is an appeal from the Industrial Commission's order that J.R. Simplot Co. (Simplot) pay disability benefits to the heirs of Nancy Palomo (Palomo). We reverse the Industrial Commission's decision and remand the case to the Industrial Commission for entry of an order terminating the payment of benefits to Palomo as of the date of her death.

## I.

### BACKGROUND

Palomo injured her wrists and elbows as a result of repeatedly lifting boxes during the course of her employment with Simplot. Palomo sought disability benefits from Simplot and Idaho's Industrial Special Indemnity Fund (I.S.I.F.), claiming that she was totally and permanently disabled as a result of her work injury and her pre-existing diabetes. Simplot and the I.S.I.F. entered into a stipulation conceding that Palomo was totally and permanently disabled, and finding that Simplot and the I.S.I.F. were each 50% responsible for Palomo's disability. According to the stipulation, Simplot was to pay Palomo's benefits for the initial 250 weeks, and then the I.S.I.F. was to pay Palomo's benefits for the remainder of her life. Although Palomo was not a party to the stipulation, the stipulation was approved by the Industrial Commission and incorporated into an order to which Palomo did not object.

Simplot stopped paying the disability benefits upon Palomo's death, which occurred on May 17, 1996. Palomo's heirs filed a motion with the Industrial Commission to order Simplot to continue paying the disability benefits pursuant to I.C. § 72–431. Simplot responded that it was not required to continue paying the benefits because the benefits were being paid pursuant to a finding that Palomo was totally and permanently disabled, and total permanent disability benefits are not inheritable under I.C. § 72–431. On January 2, 1997, the Industrial Commission held the remainder of the disability benefits are inheritable. The Industrial Commission stated that Simplot was paying a proportionate share of Palomo's permanent disability; therefore, Simplot was paying partial permanent disability benefits, not total permanent disability benefits. Simplot filed a motion for reconsideration, which the Industrial Commission denied on February 28, 1997.

## II.

### THE INDUSTRIAL COMMISSION ERRED IN FINDING THAT PALOMO'S HEIRS ARE ENTITLED TO RECEIVE DISABILITY BENEFITS FROM SIMPLOT

#### A. Standard of Review

In reviewing an appeal from the Industrial Commission, the Court will uphold the Commission's findings if they are supported by substantial and competent evidence, but will freely review issues of law. *Smith v. J.B. Parson Co.*, 127 Idaho 937, 941, 908 P.2d 1244, 1248 (1996) (citations omitted). Here, only issues of law are presented on appeal.

#### B. Idaho Code § 72–431

Simplot contends that the Industrial Commission erred when it held that Palomo's heirs are entitled to receive disability benefits from Simplot pursuant to I.C. § 72–431. I.C. § 72–431 states:

When an employee who has sustained disability compensable as a scheduled or un-

scheduled **permanent disability less than total**, and who has filed a valid claim in his lifetime, dies from causes other than the injury or occupational disease before the expiration of the compensable period specified, the income benefits specified and unpaid at the employee's death, whether or not accrued or due at the time of his death, shall be paid, under an award made before or after such death, to and for the benefit of the persons within the classes at the time of death and in the proportions and upon the conditions specified in this subsection and in the order named . . . .

I.C. § 72–431 (emphasis added). In addition to I.C. § 72–431, the Commission examined I.C. § 72–332, which governs the payment of an overall benefit award by an employer and the I.S.I.F. The Commission interpreted that provision as meaning that each payor is only paying a partial sum for the disability, and thus, under I.C. § 72–431, each of the payors is only responsible for a partial rather than a total disability award. In conclusion, the Commission found that Simplot was paying partial permanent disability benefits because it was only paying 50% of Palomo's total permanent disability award. Because partial permanent disability benefits are inheritable pursuant to I.C. § 72–431, the Commission held that Palomo's disability benefits are inheritable.

■ The Industrial Commission erred in considering I.C. § 72–332 in its interpretation of I.C. § 72–431. The focus in I.C. § 72–332 is on the employer's liability for payment of income benefits, as distinguished from the focus in I.C. § 72–431, which is on the employee's disability. Section 72–431, governing the inheritability of income benefits, applies only if an employee has sustained a disability less than total. This statute does not require consideration of how the total permanent disability benefits are paid, or by whom. The statute is specific in referring only to whether or not the employee receives a total permanent disability award. Clearly, Palomo was awarded total permanent disability benefits. Whether Palomo's benefits are paid by one or two entities makes no difference in whether or not the entities are paying benefits for a total and permanent disability award. Thus, we find

that the Industrial Commission erred in finding that Simplot is paying partial permanent disability benefits for the purpose of I.C. § 72–431.

## C. Stipulation

The Industrial Commission interpreted the stipulation entered into by Simplot and the I.S.I.F. as requiring Simplot to provide benefits to Palomo for 250 weeks, irrespective of her death. We have concluded that, pursuant to I.C. § 72–431, Palomo's benefits terminated upon her death. Because the Industrial Commission's interpretation of the stipulation awards Palomo greater benefits than she is entitled to under I.C. § 72–431, we must also determine whether the Industrial Commission was correct in its interpretation of the stipulation.

Simplot contends that the Industrial Commission erred when it refused to adopt Paragraph 10 of the stipulation, stating that Simplot's benefit obligation ceases upon Palomo's death. The relevant portions of the order and stipulation are quoted below. Paragraph 9 states:

> Claimant PALOMO'S permanent partial impairment resulting from her industrial claim has been rated at 32% of the whole person due to her median and ulnar nerve problems and the limitations arising therefrom. The Defendants stipulate that SIMPLOT'S disability and impairment payments will run for 250 weeks, subsequent to January 26, 1993, the date of Claimant PALOMO'S rating and medical stability.

Paragraph 10 states:

> The Claimant PALOMO is currently being paid impairment benefits by SIMPLOT. SIMPLOT will continue to pay statutory income benefits under this Consent to Entry of Judgment until November 11, 1997, or claimant PALOMO'S death, whichever occurs first.

Paragraph 11 states:

> The ISIF will pay Claimant PALOMO, beginning November 11, 1997 (250 weeks from January 26, 1993), the full statutory income benefits under the Idaho Code, until Claimant PALOMO'S death, said

amount being 60% of the average State wage for the year of the benefit.

The Industrial Commission found the stipulation was ambiguous, stating that consideration of Paragraph 10 renders Paragraph 9 meaningless and void. As a result, the Industrial Commission refused to give any meaning to Paragraph 10.

■ The determination of whether a worker's compensation agreement is ambiguous is a question of law. *Matthews v. Department of Corrections,* 121 Idaho 680, 683, 827 P.2d 693, 696 (1992) (citing *Combs v. Kelly Logging,* 115 Idaho 695, 769 P.2d 572 (1989)). An agreement is ambiguous if it is reasonably subject to conflicting interpretations. *See DeLancey v. DeLancey,* 110 Idaho 63, 65, 714 P.2d 32, 34 (1986) (citing *Rutter v. McLaughlin,* 101 Idaho 292, 293, 612 P.2d 135, 136 (1980)). Interpretation of an ambiguous agreement presents a question of fact and requires that the Court defer to the Industrial Commission, while interpretation of an unambiguous agreement presents a question of law over which the Court exercises free review. *Id.* (citations omitted). The Court should construe the various provisions of the agreement, if possible, so as to give force and effect to every part of the agreement. *See Twin Lakes Village Property Ass'n, Inc. v. Crowley,* 124 Idaho 132, 137, 857 P.2d 611, 616 (1993) (citations omitted).

■ Here, the Industrial Commission was concerned that to interpret Paragraph 10 of the stipulation to require that the benefits terminate upon Palomo's death would render Paragraph 9 meaningless. Consequently, the Industrial Commission adopted only Paragraph 9 of the stipulation, thereby rendering Paragraph 10 meaningless. We are obligated to read the two provisions consistently if we can, and here that is possible. Paragraph 9 discusses Simplot's obligation to pay disability benefits to Palomo for a period of 250 weeks, and identifies when that period will begin. Paragraph 10 then follows up by saying that Palomo will continue to receive these benefits from Simplot until November 11, 1997, which would be the end of the 250 weeks, or her death, whichever occurs first. Thus, Paragraph 10 identifies the conditions which would terminate her benefits. Para-

graph 11 then goes on to identify when the obligation of the I.S.I.F. to pay disability benefits to Palomo begins and terminates. We think it is possible to construe these provisions consistently, and therefore, we find that the stipulation is unambiguous.

■ Palomo asserts that she is not bound by the terms of the stipulation because she was not a party to it. However, because the stipulation was approved by the Industrial Commission and incorporated into an order to which Palomo did not object, she is bound by the terms of the stipulation. We conclude that pursuant to the stipulation, Simplot's payment of benefits to Palomo was intended to terminate at her death, if death occurred prior to November 11, 1997; in other words, the stipulation is merely restating I.C. § 72-431. Thus, we find that the Commission erred in giving effect only to Paragraph 9 of the stipulation, thereby rendering Paragraph 10 meaningless.

### III.

### ATTORNEY'S FEES

Palomo asserts that she is entitled to an award of attorney's fees on appeal. Because Palomo is not the prevailing party on appeal, we will not award her attorney's fees.

### IV.

### CONCLUSION

We reverse the Industrial Commission's decision and remand the case to the Industrial Commission for entry of an order terminating the payment of benefits to Palomo as of the date of her death. We award costs on appeal to Simplot.

JOHNSON, SILAK, SCHROEDER and WALTERS, JJ., concur.