135 P.3d 756

Byron W. McLEAN and Jeanettemc Lean, as husband and wife, and as parents and natural guardians on behalf of Michael McLean, their minor child, Plaintiffs–Appellants–Cross Respondents,

v.

MAVERIK COUNTRY STORES, INC., Defendant–Respondent–Cross Appellant,

and

Javier Garcia Alvarado, an individual, Defendant.

Docket No. 31627.

Supreme Court of Idaho, Boise, March 2006 Term.

April 21, 2006.

Holzer, Edwards & Harrison, Chtd., and Emil R. Berg, Boise, for appellants. Kurt Holzer argued.

Quane, Smith LLP, Boise, for respondent. David W. Knotts argued.

EISMANN, Justice.

This is an appeal from a partial summary judgment dismissing a claim by a vehicle passenger who was injured when the intoxicated driver ran off the road in a single vehicle accident. At the time of the accident, the passenger was a minor. He and his parents brought an action against the driver and the store who sold beer to the driver, and the district court dismissed the claim against the store pursuant to Idaho Code § 23–808(4)(b). We affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

On Friday, July 26, 2002, fifteen-year-old Michael McLean (Michael) was the passenger in a motor vehicle being driven by twenty-two-year-old Javier Garcia–Alvarado (Javier). Also in the vehicle were fifteen-year-old Heiner Diaz (Heiner) and fourteen-year-old Nery Diaz (Nery). Javier was married to the Diazes' older sister. He was giving Michael and Heiner a ride to Twin Falls, where they intended to go to the movies.

After picking up Michael, Javier drove three or four blocks to a gas station and convenience store (Maverick Store) located in Gooding and owned by Maverick Country Stores, Inc., (Maverick). All of the vehicle's occupants went into the store. Javier purchased a twelve-pack of beer, Michael purchased a soft drink, and the Diazes may also have purchased snacks or soft drinks.

When Javier purchased the beer, the clerk believed that he was under the influence of alcohol. According to Javier's wife, he had been drinking when he arrived home from work at about 5:00 p.m. that day. Between 6:30 and 7:00 p.m., Javier had purchased a six-pack of beer at the Maverick Store. He purchased the twelve-pack at about 8:00 p.m. The clerk later stated that she would not have sold the beer to Javier if she had known she could refuse to do so. She was so concerned that he was too intoxicated to drive that, once he left the store, she asked another customer to get the license number of his vehicle. The customer did so, and the clerk called the police to report Javier as a suspected drunken driver.

Javier drove away from the Maverick Store and headed toward Twin Falls. Michael was sitting in the left-rear passenger seat, Heiner was sitting in the right-rear passenger seat, and Nery was sitting in the right-front passenger seat. After they had gone about four miles, Heiner realized that he did not have his money, and he asked Javier to return to Heiner's house in Gooding. Javier turned onto an intersecting road in order to do so, and as he was driving he reached down, possibly to retrieve one of the beers he had just purchased. As he was doing so, the vehicle ran off the road and rolled. Heiner and Nery were killed instantly, and Michael was severely injured. A blood test showed that Javier's blood alcohol content was .19, which was over twice the legal limit of .08 for operating a motor vehicle.

On November 7, 2003, Michael and his parents (Plaintiffs) brought this action to recover damages against Javier and Maverick. Maverick moved for summary judgment dismissing the lawsuit as to it on the ground that Idaho Code § 23–808(4)(b) precluded the Plaintiffs from recovering damages. The district court agreed and granted Maverick's motion and entered a judgment dismissing the claims against Maverick. The district court certified the judgment as final pursu-

ant to I.R.C.P. 54(b), and the Plaintiffs timely appealed.

## II. ISSUES ON APPEAL

1. Does Idaho Code § 23–808(4)(b) apply to a minor who is a passenger in a motor vehicle being driven by an intoxicated person?

2. Does Idaho Code § 23–808(4)(b) violate the equal protection guarantees of the Idaho or United States Constitutions?

3. Does Idaho Code § 23–808(4)(b) violate the right to a jury trial under the Idaho Constitution?

## III. ANALYSIS

**A. Does Idaho Code § 23–808(4)(b) apply to a minor who is a passenger in a motor vehicle being driven by an intoxicated person?**

 Idaho Code § 23–808(3) provides that a person who furnishes alcoholic beverages can be liable for damage caused by the intoxicated person in two circumstances. One is if the person furnished the alcoholic beverage to someone he or she knew or reasonably should have known was under the legal drinking age. The second is if the person to whom the alcoholic beverage was furnished was obviously intoxicated and the person furnishing the alcoholic beverage knew or reasonably should have known of that fact. In this case, there was sufficient evidence that the clerk at the Maverick Store knew that Javier was obviously intoxicated when she sold him the twelve-pack of beer.[1] The issue is whether Idaho Code § 23–808(4)(b) bars the Plaintiffs' claim. That statute provides, "No claim or cause of action pursuant to subsection (3) of this section shall lie on behalf of a person who is a passenger in an automobile driven by an intoxicated person nor on behalf of the passenger's estate or representatives." The Plaintiffs argue that the word "person" referring to the passenger should not include someone under the age of eighteen years—that a minor is not a person.

 The interpretation of a statute is a question of law over which we exercise free review. *Gooding County v. Wybenga*, 137 Idaho 201, 46 P.3d 18 (2002). It must begin with the literal words of the statute, *Thomson v. City of Lewiston*, 137 Idaho 473, 50 P.3d 488 (2002); those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *State v. Hart*, 135 Idaho 827, 25 P.3d 850 (2001). If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written. *Hansen v. State Farm Mut. Auto. Ins. Co.*, 112 Idaho 663, 735 P.2d 974 (1987).

 The ordinary meaning of the word "person" is "an individual human being." *Webster's Third New International Dictionary of the English Language* 1686 (Philip Babcock Grove ed., G. & C. Merriam Co.1971). The Plaintiffs have not offered any authority supporting the proposition that minors are not considered to be human beings, or that they are not persons. They simply present policy reasons as to why Idaho Code § 23–808(4)(b) should be rewritten to exclude minors from its scope. That we cannot do. The word "person" is not ambiguous. If the statute as written is socially or otherwise unsound, the power to correct it is legislative, not judicial. *Hansen v. State Farm Mut. Auto. Ins. Co.*, 112 Idaho 663, 735 P.2d 974 (1987). Idaho Code § 23–808(4)(b) by its terms applies to all persons who are passengers, regardless of their ages.

**B. Does Idaho Code § 23–808(4)(b) violate the equal protection guarantees of the Idaho or United States Constitutions?**

 The Plaintiffs contend that Idaho Code § 23–808(4)(b) violates the equal protection guarantees of the Idaho and United States Constitutions. The first step in an equal protection analysis is to identify the classification at issue. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 987 P.2d 300 (1999). Here, the classification is passengers versus nonpassengers. Passengers in vehicles operated by intoxicated persons are de-

---

1. The record does not indicate whether Javier drank any beer from the 12–pack he purchased.

nied recovery while other persons injured by the driver are not.

The second step is identifying the standard by which the classification will be tested. The Plaintiffs argue we should apply the "means-focus" level of scrutiny that we described in *Rudeen v. Cenarrusa*, 136 Idaho 560, 569, 38 P.3d 598, 607 (2001) (citations omitted), wherein we stated:

> Idaho employs a "means focus" scrutiny, which is a similar standard to the federal intermediate scrutiny, but unlike the federal standard, it is employed " 'where the discriminatory character of a challenged statutory classification is apparent on its face and where there is also a patent indication of a lack of relationship between the classification and the declared purpose of the statute.' " "[T]he classification must be 'obviously invidiously discriminatory' before the means-focus test will be used." "In order for a classification to be considered obviously invidiously discriminatory, 'it must distinguish between individuals or groups either odiously or on some other basis calculated to excite animosity or ill will.' " All other challenges are given low level or rational basis review.

The statutory classification at issue in this case clearly does not distinguish between individuals or groups either odiously or on some other basis calculated to excite animosity or ill will. On its face, the classification was not made in an offensive or hateful manner, nor was it calculated to excite animosity or ill will against passengers in vehicles being driven by intoxicated drivers. Therefore, the rational-basis test is the applicable level of scrutiny. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 987 P.2d 300 (1999).

The state has wide discretion to enact laws that affect some groups or citizens differently from others. *Id.* "It is generally presumed that legislative acts are constitutional, that the state legislature has acted within its constitutional powers, and any doubt concerning interpretation of a statute is to be resolved in favor of that which will render the statute constitutional." *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 709, 791 P.2d 1285, 1288 (1990). "Under either the Fourteenth Amendment or the Idaho Constitution, a classification will survive rational basis analysis if the classification is rationally related to a legitimate governmental purpose." *Meisner v. Potlatch Corp.*, 131 Idaho 258, 262, 954 P.2d 676, 680 (1998). "On rational basis review, courts do not judge the wisdom or fairness of the legislation being challenged." *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 396, 987 P.2d 300, 308 (1999). "Under the 'rational basis test,' a classification will withstand an equal protection challenge if there is any conceivable state of facts which will support it." *Bint v. Creative Forest Prods.*, 108 Idaho 116, 120, 697 P.2d 818, 822 (1985).

The stated purpose of Idaho Code § 23–808 is "to limit dram shop and social host liability." Prohibiting recovery by passengers in vehicles being operated by intoxicated drivers is rationally related to that stated purpose. It may also encourage responsible conduct on the part of passengers by discouraging them from riding with intoxicated drivers or by encouraging them to dissuade intoxicated persons from driving.

The Plaintiffs contend that denying recovery by passengers is irrational because a passenger's comparative fault could be taken into consideration by the jury in any lawsuit brought by the passenger to recover for his or her injuries. That argument supports the constitutionality of the statute because it acknowledges that denying recovery to some passengers is rationally related to a legitimate state interest.

The Plaintiffs argue that Idaho Code § 23–808(4)(b) does not further any legitimate governmental interest when the passenger is unable to fully appreciate the risk of riding with an intoxicated driver. Under the rational-basis test, however, the inquiry is not whether there is a conceivable state of facts that makes the classification irrational. Rather it is whether "there is any conceivable state of facts which will support it." *Bint v. Creative Forest Prods.*, 108 Idaho 116, 120, 697 P.2d 818, 822 (1985). The Plaintiffs admit that there are conceivable states of facts that would support denying recovery to the passenger in a vehicle being operated by an

intoxicated driver.[2] Because there are conceivable states of facts that support the legislative classification, it does not violate the equal protection guarantees of either the Idaho or United States Constitutions.

### C. Does Idaho Code § 23–808(4)(b) violate the right to a jury trial under the Idaho Constitution?

 The Plaintiffs allege that Idaho Code § 23–808(4)(b) violates their right to a jury trial under the Idaho Constitution because it prohibits them from presenting their claims and evidence to a jury and having the jury render a verdict. Under the common law, vendors of alcoholic beverages were not liable for the torts of their customers because the serving of alcoholic beverages was held not to be a proximate cause of the customer's tort. *Meade v. Freeman,* 93 Idaho 389, 462 P.2d 54 (1969). We later overruled *Meade v. Freeman* and held that the serving of alcoholic beverages could be a proximate cause of the customer's tort. *Alegria v. Payonk,* 101 Idaho 617, 619 P.2d 135 (1980). By enacting Idaho Code § 23–808(3), the legislature determined that in only the two circumstances set forth in that subsection can the serving of alcoholic beverages be a proximate cause of a tort committed by the person consuming the alcohol. *Idaho Dept. of Labor v. Sunset Marts, Inc.,* 140 Idaho 207, 91 P.3d 1111 (2004). "It is clear that, under the Idaho Constitution, the legislature has the power to modify or repeal common law causes of action." *Hudelson v. Delta Int'l Mach. Corp.,* 142 Idaho 244, 252, 127 P.3d 147, 155 (2005) (quoting *Kirkland v. Blaine County Med. Ctr.,* 134 Idaho 464, 468, 4 P.3d 1115, 1119 (2000)). Because the Plaintiffs do not have a cause of action against Maverick under Idaho Code § 23–808(3), they have not been deprived of any right to a jury trial guaranteed by the Idaho Constitution. *Coghlan v. Beta Theta Pi Fraternity,* 133 Idaho 388, 987 P.2d 300 (1999).

Maverick also cross-appealed, contending that the district court erred in overruling objections to evidence offered by the Plaintiffs in opposition to Maverick's motion for summary judgment. Our ruling upholding that grant of summary judgment renders the issues raised in the cross-appeal moot.

### IV. CONCLUSION

The judgment of the district court is affirmed. Costs on appeal are awarded to the respondent.

Chief Justice SCHROEDER and Justices TROUT, JONES and Justice Pro Tem WALTERS concur.

---

**2.** The Plaintiffs gave as an example: two competent adults in a motor vehicle are drinking alcohol and trading off driving; they stop at several bars where the bartenders serve them, knowing they are obviously intoxicated; as they continue down the highway the person driving causes an accident, injuring the passenger; and the passenger then sues the last bar where they stopped.