# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 43468

| | | |
|---|---|---|
| KEITH MAYER, | ) | Boise, February 2016 Term |
| | ) | |
| Claimant-Respondent, | ) | 2016 Opinion No. 53 |
| | ) | |
| v. | ) | Filed:  May 3, 2016 |
| | ) | |
| TPC HOLDINGS, INC., Employer; and | ) | Stephen W. Kenyon, Clerk |
| LIBERTY NORTHWEST INSURANCE | ) | |
| CORP., Surety, | ) | SUBSTITUTE OPINION |
| | ) | THE COURTS PRIOR |
| Defendants-Appellants. | ) | OPINION ISSUED |
| | | MARCH 24, 2016 IS HEREBY |
| | | WITHDRAWN |

Appeal from the Industrial Commission.

Industrial commission decision on survivability of benefits, <u>affirmed.</u>

Lea L. Kear, Liberty Mutual  Insurance Co., Boise, argued for appellants.

Goicoechea Law Offices, LLP, Lewiston, for respondent. Michael T. Kessinger argued for respondent.

_____

BURDICK, Justice

This case comes to this Court from an appeal of an Industrial Commission decision relating to the survivability of claims for permanent partial disability when a claimant dies for reasons unrelated to the work accident. While receiving benefits based on his impairment rating, Keith Mayer died of a heart attack unrelated to his work accident. Mayer's impairment rating was paid out in full following his death. However, Mayer died before a determination was made as to what permanent disability benefits he may have been entitled to in excess of his impairment rating. The parties submitted the issue on stipulated facts and the Industrial Commission concluded that permanent partial disability less than total survives the death of an injured worker when the death is unrelated to the work accident. The Industrial Commission also determined that the disability of the deceased worker should be evaluated as of the time immediately preceding the worker's death. TPC Holdings, Inc. (TPC) has appealed that determination. On appeal, TPC argues that Mayer's claim for permanent partial disability does not survive death.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

On June 10, 2012, Keith Mayer injured his back during the scope and course of his employment with TPC Holdings, Inc, which were compensable workers' compensation injuries. On March 15, 2014, while still receiving Workers' Compensation benefits, Mayer died of a heart attack unrelated to the work accident. Mayer's impairment rating was paid out in full following his death. However, Mayer died before a determination was made as to what permanent disability benefits he may have been entitled to in excess of his impairment rating. On May 29, 2014, Mayer's wife filed a workers' compensation complaint, claiming that as a beneficiary, she was entitled to Mayer's disability benefits in excess of impairment.

The parties submitted the issue to the Industrial Commission on stipulated facts and the parties' briefs. The stipulated facts were as follows:

> On February 10, 2012, Claimant Keith Mayer (hereafter "Claimant") was an employee of TPC Holdings Inc. (hereafter Employer) in Lewiston, Idaho. At said time, TPC Holdings Inc. was insured for its obligations under the Idaho Workers' Compensation Act by Liberty Northwest Insurance Corp. (hereafter Surety).

> On or about February 10, 2012, Claimant, Employer, and Surety were subject to provisions of Idaho's Workers' Compensation Law. Claimant suffered a compensable Workers' compensation injury when he strained his back while lifting a computer monitor. Earlier the same day, he grabbed a ladder to prevent it from falling through a window and felt a twisting in his back. Both events occurred in the course and scope of Claimant's employment with Employer on February 10, 2012. Employer is the Lewiston Tribune where Claimant worked as a maintenance worker. Surety paid medical and time loss benefits to Claimant as a result of the injury to his back.

> On August 27, 2012, Dr. Dietrich performed a lumbar decompression and decompression of the central canal lateral recess at neural foramina at L3, L4, L5, and Sl. On November 8, 2012, Employer discharged Claimant. Dr. Dietrich deemed Claimant MMI as of September 1, 2013.

> On October 28, 2013, Dr. Goler performed an IME at surety's request. Dr. Goler believed Claimant was medically stable and could return to full time work at least at the light or sedentary level with frequent positional changes and no lifting over 50 pounds. Dr. Goler gave Claimant a 9% WPL.

> On December 18, 2013, Dr. McNulty performed an IME at Claimant's request. He diagnosed Claimant with: chronic low back pain status post multi-level lumbar decompression; residual left S1 radiculopathy; and spinal instability at L5-S1. Dr. McNulty recommended further diagnostic testing. Dr. McNulty assigned a 14% WPI all attributable to the industrial injury. Dr. McNulty opined that Claimant was only capable of performing sedentary work on a part-time basis

with no repetitive lifting and stooping and frequent positional changes. Dr. McNulty did not believe Claimant could return to his time of injury job. Dr. Dietrich concurred by letter with Dr. McNulty's IME.

On March 15, 2014, Claimant died of a heart attack, unrelated to the industrial injury. Claimant was born on August 26, 1948. He was 65 years old at the time of his death. Surety averaged the impairment awards given by Dr. McNulty and Dr. Goler. Surety continued paying PPI after Claimant's death until the award of $19,086.37 was paid in full. This award is equal to 52.5 weeks of benefits at $363.55 per week.

On July 21, 2015, the Industrial Commission issued its Findings of Fact, Conclusion of Law and Order and Dissenting Opinion, which held that permanent partial disability less than total survives the death of the injured worker. Commissioner Thomas E. Limbaugh dissented. On July 31, 2015, TPC filed a motion for determination of appealability, and on August 11, 2015, the Industrial Commission entered an order granting an expedited appeal under Idaho Appellate Rule 12.4.

## II.    STANDARD OF REVIEW

"The Supreme Court reviews factual findings made by the Industrial Commission to determine if they are supported by substantial and competent evidence, but the Court freely reviews questions of law." *Drake v. State Indus. Special Indem. Fund*, 128 Idaho 880, 881, 920 P.2d 397, 398 (1996). The interpretation of "a legislative act, such as the workers' compensation statutes, presents a pure question of law." *Daleiden v. Jefferson Cnty., Jt. Sch. Dist. No. 251*, 139 Idaho 466, 468, 80 P.3d 1067, 1069 (2003).

## III.    ANALYSIS

This case turns on the interpretation of Idaho Code section 72-431. The central issue on appeal is whether permanent partial disability in excess of permanent partial impairment survives the death of an injured worker. The Industrial Commission issued a 2-1 decision that held that section 72-431 compels the payment of income benefits for permanent partial disability in excess of a permanent partial impairment rating to the relatives of the deceased worker as identified by the statute. TPC argues that the term "permanent disability less than total," as used in section 72-431 is ambiguous and that the Industrial Commission erred when it ruled that section 72-431 allows for the survivability of such claims. Furthermore, TPC argues that the Industrial Commission's interpretation of section 72-431 violates the Equal Protection Clause of the Fourteenth Amendment. We affirm.

3

**A. Idaho Code section 72-431 allows for the inheritability of payments or claims for permanent partial disability in excess of permanent partial impairment.**

TPC argues that the term "permanent disability less than total," as used in section 72-431 is ambiguous and therefore the Court should engage in statutory interpretation to determine its meaning. Specifically, TPC argues that the term "permanent disability" should be interpreted to mean "permanent impairment." Additionally, TPC argues that even assuming that section 72-431 allows for the inheritability of income benefits for permanent partial disability, Mayer's claims still fail because section 72-431 requires that claims be "specified" before the claimant's death.

1. Income benefits for permanent partial disability impairment survive the death of the injured worker.

The objective of statutory interpretation is to give effect to legislative intent. *Robison v. Bateman–Hall*, 139 Idaho 207, 210, 76 P.3d 951, 954 (2003). Because "the best guide to legislative intent is the words of the statute itself," the interpretation of a statute must begin with the literal words of the statute. *In re Permit No. 36–7200*, 121 Idaho 819, 824, 828 P.2d 848, 853 (1992); *McLean v. Maverik Country Stores, Inc.*, 142 Idaho 810, 813, 135 P.3d 756, 759 (2006). Where the statutory language is unambiguous, "this Court does not construe it, but simply follows the law as written." *McLean*, 142 Idaho at 813, 135 P.3d at 759. "Legislative definitions of terms included within a statute control and dictate the meaning of those terms as used in the statute." *State v. Yzaguirre*, 144 Idaho 471, 477, 163 P.3d 1183, 1189 (2007). "If the statute as written is socially or otherwise unsound, the power to correct it is legislative, not judicial." *In re Estate of Miller*, 143 Idaho 565, 567, 149 P.3d 840, 842 (2006).

Idaho Code section 72-431 states in pertinent part:

> When an employee [ ] has sustained disability compensable as a scheduled or unscheduled permanent disability less than total, . . . the income benefits specified and unpaid at the employee's death, whether or not accrued or due at the time of his death, shall be paid, under an award made before or after such death . . . .

"Permanent disability" as defined in Idaho Code section 72-423, "results when the actual or presumed ability to engage in gainful activity is reduced or absent because of permanent impairment and no fundamental or marked change in the future can be reasonably expected." "Permanent impairment" is defined in Idaho Code section 72-422 as, "any anatomic or functional abnormality or loss . . . [and] is a basic consideration in the evaluation of permanent

disability, and is a contributing factor to, but not necessarily an indication of, the entire extent of permanent disability." Because the legislature has provided definitions for the terms "permanent disability," and "permanent impairment" those definitions control the meaning of those terms within the statute. *Yzaguirre*, 144 Idaho at 477, 163 P.3d at 1189; *White v. Mock*, 140 Idaho 882, 890, 104 P.3d 356, 364 (2004). Furthermore, since the statutory definitions of permanent impairment and permanent disability "were passed simultaneously by the legislature, we can only conclude that the legislature intended that they define [two] different, but related, classifications." *Curtis v. Shoshone Cnty. Sheriff's Office*, 102 Idaho 300, 304, 629 P.2d 696, 700 (1981). Thus, TPC's contention that the term "permanent disability" should be interpreted to mean "permanent impairment" is untenable. *Montalbano v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 837, 841, 264 P.3d 944, 948 (2011) ("If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written."); *see also Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

Had the legislature meant "impairment" or "permanent impairment" instead of "disability" or "permanent disability" it would have used those words. Indeed, section 72-431 was adopted from a Model Code published by the Council of State Governments, and in adopting the language from the Model Code the Idaho Legislature specifically deleted words used in the Model Code and inserted the phrase "as a scheduled or unscheduled permanent disability less than total." The legislature could have easily inserted the words "permanent impairment" in place of "permanent disability." It did not.[1]

---

[1] TPC attempts to make much of the fact that Idaho Code section 72-428 uses the term "permanent disability" to describe awards specified under section 72-428's "scheduled permanent impairments." This interchange of terms, TPC argues, makes the use of the term "permanent disability" ambiguous in section 72-431. However, the forerunner of Idaho Code section 72-428 was enacted in 1917, and since that time the Idaho Code has always referred to a disability award, not an impairment award. Although the term "impairment award" has crept into the vernacular of the workmen's compensation bar, Idaho's Workmen's Compensation Law only provides for an award of income benefits based on disability, not impairment. *Fowler v. City of Rexburg*, 116 Idaho 1, 3 n.5, 773 P.2d 269, 271 n.5 (1988) ("Income benefits payable under the Workmen's Compensation Law, with the exception of retraining benefits, I.C. § 72–450, are based upon disability, either temporary or permanent, but not merely impairment."). A "permanent impairment" as the definitions themselves make clear, is simply a component of a "permanent disability." I.C. §§ 72-422, -423. Thus, any final award made under Idaho's Workmen's Compensation Law is properly referred to as a disability award. *Fowler*, 116 Idaho at 3 n.5, 773 P.2d at 271 n.5 ("While in some cases the non-medical factors will not increase the permanent disability rating over the amount of the permanent impairment rating, the ultimate award of income benefits is based upon the permanent disability rating, not merely the impairment rating."); *see also Woodvine v. Triangle Dairy*, 106 Idaho 716, 722, 682 P.2d 1263, 1269 (1984).

Accordingly, we hold that the legislature meant exactly what it said and find that section 72-431 plainly allows for the survivability of income benefits for permanent partial disability in excess of a permanent partial impairment rating and that income benefits owed to "an employee who has sustained disability compensable as a scheduled or unscheduled permanent disability less than total" shall be payable to the injured worker's survivors as defined in the statute. *Cf. Palomo v. J.R. Simplot Co.*, 131 Idaho 314, 316, 955 P.2d 1093, 1095 (1998) ("Section 72-431, governing the inheritability of income benefits, applies [ ] if an employee has sustained a disability less than total.").

2. The income benefits for permanent partial disability do not have to be adjudicated before the worker's death to be paid to the worker's survivors under Idaho Code section 72-431.

TPC argues that even assuming section 72-431 allows for the inheritability of income benefits for permanent partial disability, section 72-431 only allows the income benefits "specified and unpaid at the employee's death" to be payable to survivors. Thus, TPC contends that because Mayer died before his permanent partial disability income benefits were "specified" his survivors are precluded from inheriting his income benefits under section 72-431.

In support of this argument TPC relies on *Brown v. Home Depot*, 152 Idaho 605, 272 P.3d 577 (2012). In *Brown*, the claimant's medical condition stabilized in 2005, but the hearing on his benefits did not take place until 2009. The Industrial Commission awarded disability benefits using the 2005 date of medical stability. This Court vacated, stating that the plain language of Idaho Code section 72-425 required a measurement of claimant's "present and probable future ability to engage in gainful activity." *Id.* at 609, 272 P.3d at 581. "The word 'present' implies that the Commission is to consider the claimant's ability to work as of the time evidence is received. There is no 'present' opportunity for the Commission to make its determination apart from the hearing." *Id.* Thus, because Mayer is deceased, TPC argues that no "present" determination of Mayer's disability can be made and therefore his income benefits are unspecified and unpayable.

In *Brown*, however, we also stated: "Granted, there may be instances where a market other than the claimant's residence at the time of the hearing is relevant to the I.C. § 72–430(1) inquiry and such determinations should be made on a case by case basis based on individual facts and circumstances." *Id.* (quoting *Davaz v. Priest River Glass Co., Inc.*, 125 Idaho 333, 337, 870 P.2d 1292, 1296 (1994)). We also stated that under certain circumstances, rather than consider

6

the "present" time of the hearing the "Commission may consider the applicable labor market at the time the hearing would have taken place." *Id.* The individual facts of this case are that (1) Mayer is deceased; and (2) the plain language of Idaho Code section 72-431 clearly allows that an award "whether or not accrued or due at the time of death, shall be paid, under an award made before or after such death . . . ." These facts necessarily require an assessment of Mayer's disability at a point of time prior to death and, consequently, prior to the hearing on his disability. As the Industrial Commission noted "[w]ere the Commission required to measure the injured worker's disability as of the date of hearing, no disability would ever be awarded in view of the fact that claimant's death was unconnected to the work accident and constitutes a superseding intervening cause primarily responsible for the injured worker's inability to work." Such a result would be unreasonable and run counter to the plain language of section 42-431. *Pintlar Corp. v. Bunker Ltd. P'ship*, 117 Idaho 152, 155, 786 P.2d 543, 546 (1990) (recognizing that the Court will not adopt an interpretation of a statute that renders the statute unreasonable).

Therefore, we hold that the Industrial Commission was correct in stating: "The reference in the statute to 'the income benefits specified and unpaid at the employee's death' does not necessarily require that the benefits be specified by award prior to the death of the claimant. The Commission, may, following the death of the claimant, conduct an evidentiary hearing and make an award and therein specify the income benefits due for permanent partial disability which were unpaid at the employee's death, and in the award distribute such benefits as may be determined to the named survivors."

**B. TPC lacks standing to bring an equal protection claim**.

TPC argues that if Idaho Code section 72-431 allows for the survivability of income benefits to injured workers who have a "permanent disability less than total," then section 72-431 violates the equal protection clause of the Fourteenth Amendment. Specifically, TPC contends that because it is well settled law that the income benefits of workers with a "permanent total disability" do not survive the death of an injured worker, allowing the income benefits of workers who have a "permanent disability less than total" to survive the death of the worker would constitute arbitrary and disparate treatment between classes of beneficiaries.

TPC is challenging the classification of beneficiaries. However, TPC is not a member of the beneficiary class and therefore has no standing to advance this claim. *Kolar v. Cassia Cnty. Idaho*, 142 Idaho 346, 353, 127 P.3d 962, 969 (2005); *Venters v. Sorrento Delaware, Inc.*, 141

7

Idaho 245, 252, 108 P.3d 392, 399 (2005) ("[T]he Venters have identified and are arguing for a class of which they are not a member and, therefore, they have no standing . . . .").

**C. Attorney Fees.**

Mayer requests attorney fees on appeal pursuant to Idaho Code section 72-804 and Idaho Appellate Rule 11.2. Section 72-804 "allows for an award of attorney fees on appeal if this Court determines that an appeal was brought without any reasonable basis." *Anderson v. Harper's Inc.*, 143 Idaho 193, 199, 141 P.3d 1062, 1068 (2006).

The crux of this case is whether the term "permanent disability" as used in section 72-431 can be interpreted to mean "permanent impairment." Because section 72-431 is plain and unambiguous and because the terms "permanent disability" and "permanent impairment" are clearly defined by statute we find that TPC's appeal is without reasonable ground and award fees and costs to Mayer. *Baker v. Louisiana Pac. Corp.*, 123 Idaho 799, 803, 853 P.2d 544, 548 (1993) ("Idaho Code § 72-804 permits any court presiding in a worker's compensation case to award attorney fees to a claimant if the court determines that an employer or surety has contested a claim for compensation without reasonable ground." (internal quotation marks omitted)).

Because we find fees appropriate under section 72-804 we do not address Mayer's arguments under Idaho Appellate Rule 11.2.

## IV. CONCLUSION

Because the plain language of Idaho Code section 72-431 allows for the survival of income benefits for workers who have suffered "permanent disability less than total," we affirm the Industrial Commission's decision. Fees and costs on appeal to Respondent.

Chief Justice J. JONES and Justices EISMANN, and HORTON, **CONCUR.**


Justice EISMANN, specially concurring.

I concur in the majority opinion, but write to add additional information.

**Alleged ambiguity based upon Idaho Code section 72-418.** Idaho Code section 72-431 begins, "When an employee who has sustained disability compensable as a scheduled or unscheduled permanent disability less than total . . . ." The statute refers to "disability compensable as a scheduled . . . permanent disability less than total." TPC's argument that the word *disability* here should be read as *impairment* is based upon the wording of Idaho Code section 72-428. That statute provides in part:

8

**72-428. Scheduled income benefits for loss or losses of use of bodily members.** An employee who suffers a permanent disability less than total and permanent shall, in addition to the income benefits payable during the period of recovery, be paid income benefits for such permanent disability in an amount equal to fifty-five percent (55%) of the average weekly state wage stated against the following scheduled permanent impairments respectively: . . . .

According to TPC, this statute provides for benefits based upon an impairment rating, but refers to an employee suffering a "permanent disability," showing that the word "disability" sometimes means "impairment." Under Idaho Code section 72-425, an impairment rating is simply one factor to be considered in determining permanent disability.[2] Because TPC has already paid benefits based upon Mayer's impairment rating, it would not have to pay any additional benefits if the word "disability" in section 72-431 really means "impairment." TPC's argument is based upon a misunderstanding of section 72-428.

Idaho Code section 72-428 sets forth specific disability ratings for specified injuries. There are three categories of injuries listed: subsection (1), complete or partial amputation of the upper extremities; subsection (2), complete or partial amputation of the lower extremities; and subsection (3), loss of vision in one eye or of total binaural hearing. TPC contends that because the statute sets forth disability ratings for "the following scheduled permanent impairments," the words *disability* and *impairment* must mean the same thing and the statute must really be referring to impairment ratings, not disability ratings.

Prior to 1971, there was no statutory definition of *impairment* in the worker's compensation law. Thus, the prior versions of section 72-428, beginning in 1917, referred to the scheduled *injuries*. Ch. 81, § 21, 1917 Idaho Sess. Laws 252, 264-65; Ch. 222, § 3, 1931 Idaho Sess. Laws 434, 436-37; Ch. 241, § 2, 1937 Idaho Sess. Laws 432, 432-33; Ch. 212, § 1, 1959 Idaho Sess. Laws 466, 467-68. Since 1917, the various versions of what is now section 72-428 have awarded disability benefits for specified injuries, without taking into account whether the injury impacted the particular claimant's ability to engage in employment.

---

[2] Idaho Code section 72-425 states:

> Permanent disability evaluation. "Evaluation (rating) of permanent disability" is an appraisal of the injured employee's present and probable future ability to engage in gainful activity as it is affected by the medical factor of permanent impairment and by pertinent nonmedical factors as provided in section 72-430, Idaho Code.

9

Thus, in *Gentry v. Bano, Inc.*, 91 Idaho 790, 430 P.2d 681 (1967), the worker had lost the sight in his right eye due to a non-industrial accident, and the treating physician had stated that there was "absolutely (no) remote possibility that (respondent's right eye's) vision would have ever returned." *Id.* at 791, 430 P.2d at 682. Thereafter, an industrial accident required the surgical removal of his blind right eye. *Id.* This Court held that the worker was entitled to the disability benefits set forth in Idaho Code section 72-313 (1949) (a prior version of section 72-428) for the surgical removal of a permanently blind eye. Obviously, the surgical removal of the blind eye did not impact his ability to engage in employment.

In *Close v. General. Construction Co.*, 61 Idaho 689, 106 P.2d 1007 (1940), an industrial accident caused a compound fracture of a worker's right leg, for which he was awarded disability benefits. *Id.* at 691, 106 P.2d at 1007. Later, complications arose from the injury that required the amputation of his leg about four inches below the knee. *Id.* The issue was whether he was entitled to the disability benefits set forth in Idaho Code section 43-1113 (1932) (a prior version of section 72-428). *Id.* At 692, 106 P.2d at 1007-08. In holding that he was, this Court stated:

> Another thing that should be considered in this connection is the pain and suffering and physical and financial loss which the workman sustains by reason of one of these injuries. The legislature must have intended, in fixing this schedule of indemnities, to take into consideration in some measure all these elements, along with loss of earning power, going to make up the loss to a workman who loses a member of his body in the course of his employment.

*Id.* at 695, 106 P.2d at 1009.

When the worker's compensation statutes were substantially revised in 1971, the legislature changed the word *injuries* to *impairments* in Idaho Code section 72-428. The prior version began:

> 72-313. SPECIFIC INDEMNITIES FOR CERTAIN INJURIES. – An employee, who suffers a permanent injury less than total, shall, in addition to compensation, if any, for temporary total and temporary partial disability, be entitled to specific indemnity for such permanent injury equal to 60% of his average weekly wages, but not more than $30 nor less than $15 per week for the periods of time stated against the following scheduled injuries respectively: . . . .

Ch. 212, § 1, 1959 Idaho Sess. Laws 466, 467 (codified as Idaho Code section 72-313 (1959).

The 1971 legislation changed the wording so that it was as follows:

> 72-428. SCHEDULED INCOME BENEFITS FOR LOSS OR LOSSES OF USE OF BODILY MEMBERS. – An employee who suffers a permanent

disability less than total and permanent shall, in addition to the income benefits payable during the period of recovery, be paid income benefits for such permanent disability in an amount equal to fifty-five percent (55%) of the average weekly state wage stated against the following scheduled permanent impairments respectively: . . . .

Ch. 124, § 3, 1971 Idaho Sess. Laws 422, 456.

Changing the wording from "permanent injury" to "permanent disability" did not mean that the statute no longer awarded benefits for statutorily determined disability ratings resulting from the scheduled injuries. The forerunners of Idaho Code section 72-428 had always listed disability awards for specific injuries that were permanent losses of parts or all of an extremity or were the loss of hearing or eyesight.

The 1971 legislation also changed the wording "the following scheduled injuries" to "the following scheduled permanent impairments." In Idaho Code section 72-428, there is no difference between a scheduled injury or a scheduled permanent impairment. The 1971 legislation defined "permanent impairment" as "any anatomic or functional abnormality or loss after maximal medical rehabilitation has been achieved and which abnormality or loss, medically, is considered stable or nonprogressive at the time of evaluation." *Id*. at 455. The loss of the listed body parts, eyesight, or hearing would constitute permanent impairments under that definition. Changing the wording from "scheduled injuries" to "scheduled permanent impairments" could not reasonably be construed as indicating that the legislature confused "disability" with "impairment."

**Alleged ambiguity based upon the word "specified."** Idaho Code section 72-431 states that the employee is, under the circumstances set forth in the statute, entitled to "the income benefits *specified* and unpaid at the employee's death, whether or not accrued or due at the time of his death, shall be paid, under an award made before or after such death." (Emphasis added.) TPC contends that the word "specified" means that the benefits must have been determined prior to the employee's death. The statute itself shows the fallacy of that argument. It provides that the benefits shall be paid "under an award *made before or after such death*." I.C. § 72-431 (emphasis added). TPC could not explain why these words do not mean what they say.

W. JONES, Justice, concurring in part and dissenting in part:

I concur with the majority decision in this case except "Section C" awarding attorney

11

fees to claimant.  I cannot agree that this appeal was filed without any reasonable basis.

I do not believe that the resolution of this appeal was as clear as the majority believes.  In my opinion, the inheritable disability benefits of claimant is a matter of first impression before this Court's decision today.  I must also state that although ultimately I agreed with the majority decision, I did not agree without some difficulty in sorting through the issues.  I also considered the fact that one of the members of the Industrial Commission dissented from the Commission's decision with a reasonable opinion.  For those reasons, I cannot agree that the appellants did not have a reasonable basis for asking review of this difficult decision by this Court.