# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43484

| | | |
|---|---|---|
| SUSAN JANE WARNER, | ) | |
| | ) | |
| Petitioner-Respondent, | ) | Twin Falls, June 2016 Term |
| | ) | |
| v. | ) | 2016 Opinion No. 71 |
| | ) | |
| IDAHO TRANSPORTATION DEPARTMENT, | ) | Filed: June 28, 2016 |
| | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| Respondent-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Blaine County. Hon. Robert J. Elgee, District Judge.

The decision of the district court is <u>vacated</u>.

Hon. Lawrence G. Wasden, Idaho Attorney General, Twin Falls, for appellant. Timothy J. Stover argued.

Andrew Parnes, Ketchum, for respondent.

_____

J. JONES, Chief Justice

This case is driven by a dispute about the duration of an administrative suspension of an Idaho driver's license. Respondent Susan Jane Warner was convicted in Idaho of driving under the influence of alcohol (DUI). Two years later, she was convicted in Montana on another DUI charge. Upon receiving notice of the Montana conviction, the Idaho Department of Transportation ("Department"), the appellant here, administratively suspended Warner's driver's license for a period of one year. Warner challenged the duration of the suspension, arguing that because the Montana conviction was not for a "second DUI" the maximum allowed suspension is thirty days. The Department rejected Warner's challenge, but on judicial review, the district court reduced the suspension from one year to thirty days. The Department appealed.

## I.
### FACTUAL AND PROCEDURAL BACKGROUND

1

In 2012, Warner was convicted in Idaho of DUI.[1] On May 5, 2014, Warner was involved in a single-car crash in Montana, for which she was cited for "Driving Under The Influence Of Alcohol – 2nd Offense." At the scene, a breath test indicated that Warner's alcohol concentration (BAC) was .179. A subsequent blood test indicated her BAC was .176. The State of Montana later amended the charge to Aggravated DUI (BAC in excess of .16) in violation of Montana Code Annotated section 61-8-465(1)(a). Warner pled guilty to this charge on September 16, 2014. Warner was not subjected to a judicial or administrative suspension of driving privileges by the State of Montana as a result of this conviction.

The Department received notice of Warner's Montana DUI conviction on or about September 22, 2014. On September 23, 2014, the Department issued Warner a Notice of Suspension, suspending her driver's license for one year.

Warner requested a hearing before the Department. At the hearing, Warner's primary argument was that to be subject to a one-year suspension in Idaho, she had to have been convicted of a "second offense DUI" rather than of a DUI that happened to be for a second offense. Warner argued that if a person in Idaho is convicted of a "first offense," despite it being a second offense within ten years, the Department cannot impose a suspension longer than thirty days absolute and then restricted privileges for sixty days. Further, Warner argued that the Department would violate her constitutional rights to due process, equal protection, and the right to travel if it were to impose a greater license suspension on her for a DUI conviction outside Idaho than it would impose on a person whose second DUI occurred within Idaho.

The hearing officer upheld the suspension and denied Warner's subsequent Petition for Reconsideration. On judicial review, the district court reduced Warner's suspension from one year to thirty days absolute plus sixty days restricted privileges. The court concluded that the Department would have no statutory basis to suspend Warner's license for one year had her offense been committed and conviction entered in Idaho. The district court noted that "[t]his is assuming that Warner would have been able to bargain with an Idaho prosecutor for a first offense DUI. This type of bargain frequently occurs throughout Idaho between DUI offenders and prosecutors for any number of reasons." Because the court found no statutory basis for

---

[1] The record does not indicate the specific statute under which Warner was convicted for this first DUI. However, there is no dispute that Warner received a DUI conviction in Idaho in 2012.

upholding the suspension, it did not address Warner's constitutional arguments. The Department timely appealed the district court's order.

## II.
## ISSUES PRESENTED ON APPEAL

1. Whether the district court erred in reducing the Department's suspension of Warner's driving privileges.

2. Whether Warner has shown that her constitutional rights are violated by a one-year suspension of her driving privileges.[2]

## III.
## STANDARD OF REVIEW

The Idaho Administrative Procedures Act ("IDAPA") governs the review of Department decisions to deny, cancel, suspend, disqualify, revoke or restrict a person's driver's license. I.C. §§ 49-330, 67-5270.

> In an appeal from a district court where the court was acting in its appellate capacity under . . . IDAPA . . . we review the decision of the district court to determine whether it correctly decided the issues presented to it. However, we review the agency record independently of the district court's decision.

*Rangen, Inc. v. Idaho Dep't of Water Res.*, 159 Idaho 798, 804, 367 P.3d 193, 199 (2016) (citations and internal quotation marks omitted). A court reviewing an agency action

> shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are:
>     (a) in violation of constitutional or statutory provisions;
>     (b) in excess of the statutory authority of the agency;
>     (c) made upon unlawful procedure;
>     (d) not supported by substantial evidence on the record as a whole; or
>     (e) arbitrary, capricious, or an abuse of discretion.

I.C. § 67-5279(3). "A strong presumption of validity favors an agency's actions." *Williams v. Idaho State Bd. of Real Estate Appraisers*, 157 Idaho 496, 502, 337 P.3d 655, 661 (2014).

## IV.
## ANALYSIS

---

[2] In violation of Idaho Appellate Rule 35(a)(4), the Department failed to include in its opening brief a list of issues presented on appeal. However, it is clear from the Department's opening brief that it is contesting the district court's conclusion that Warner's Montana DUI could not serve as her second DUI within ten years. Accordingly, the Court will decide this case on the merits rather than dismissing due to the I.A.R. 35(a)(4) violation. This is consistent with Idaho precedent. *Weisel v. Beaver Springs Owners Ass'n, Inc.*, 152 Idaho 519, 525, 272 P.3d 491, 497 (2012) ("an appellant's failure to include in his initial appellate brief a fair statement of an issue presented for review results in waiver of the issue. However, . . . this rule will be relaxed when the issue is supported by argument in the briefs.").

**A. The district court erred in reducing the Department's suspension of Warner's driving privileges.**

This case requires the Court to decide whether an Idaho driver with a prior DUI conviction is entitled to have a foreign DUI conviction treated as a first offense in an administrative license suspension.

Idaho's legislative scheme provides for two kinds of driver's license suspensions. A court can, and sometimes must, judicially suspend a person's driver's license when the person pleads guilty to or is found guilty of a driving offense such as DUI. I.C. § 18-8005. Alternatively, Idaho Code section 49-326(1) authorizes the Department, under certain circumstances, to administratively suspend a person's driver's license where no court has done so. In particular, the Department can administratively suspend a person's driver's license when the person is convicted of a DUI in another state. I.C. § 49-326(1)(e). Further, the Department is required to exercise this authority when it receives notice of certain foreign convictions:

> The department *shall* suspend . . . the driver's license . . . of any resident of this state . . . upon receiving notice of the conviction . . . of that person in another state . . . of an offense which, if committed in this state, would be grounds for . . . suspension.

I.C. § 49-324 (emphasis added).

The duration of a driver's license suspension resulting from a DUI conviction depends on whether the defendant is being convicted "for the first time." *Compare* I.C. § 18-8005(1)(d) ("Any person [convicted] of a violation . . . for the first time . . . [s]hall have his driving privileges suspended by the court for a period of thirty (30) days . . ."), *with* I.C. § 18-8005(4)(e) ("Any person [convicted of a] violation . . . who previously has been [convicted] within ten (10) years . . . [s]hall have his driving privileges suspended by the court for an additional mandatory minimum period of one (1) year . . .").

By common practice, whether a judicial suspension is enhanced based on a prior DUI depends on whether the prosecutor seeks an enhancement, rather than whether the defendant has factually been convicted of a previous DUI. *State v. Halford*, 124 Idaho 411, 414, 860 P.2d 27, 30 (Ct. App. 1993). Prosecutors may, and often do, refrain from seeking an enhancement under negotiated plea agreements with DUI defendants. This can result in a judicial suspension being based on a "first offense" even if the defendant has previously been convicted of a DUI. But,

4

when an Idaho driver is convicted of a DUI outside Idaho, there is no direct basis for a judicial suspension and, instead, the administrative suspension scheme applies.

Warner claims that her Montana conviction was for a "first offense" and that the Department cannot impose a one-year suspension for an Idaho licensed driver convicted of a first-offense DUI, even if that person has one or more prior DUI convictions within the previous ten years. The district court adopted Warner's framing of the Montana conviction: "Warner pled guilty in Montana to a first offense DUI."[3] To reach this conclusion, the court stated that the Department would have no statutory basis under the same circumstances to suspend Warner's license for one year had the conviction been entered in Idaho. However, the court acknowledged that "[t]his is assuming that Warner would have been able to bargain with an Idaho prosecutor for a first offense DUI. This type of bargain frequently occurs throughout Idaho between DUI offenders and prosecutors for any numbers of reasons."

Because Warner's second DUI conviction was outside Idaho, she lacked the opportunity to negotiate with an Idaho prosecutor as to the particular offense charged and any enhancement sought. Accordingly, both Warner and the district court apparently believe Warner should be afforded the benefit of a conclusive presumption that she would have successfully negotiated an agreement to omit an enhancement and have her suspension based on a first offense. But neither Warner nor the district court offer any reasoning or authority to support such a presumption.

Both Warner and the district court cite an Idaho Court of Appeals decision for the proposition that a suspension cannot exceed the maximum penalty for the offense to which the defendant pled guilty. *Halford*, 124 Idaho at 414, 860 P.2d at 30. In *Halford*, a magistrate judge relied on two prior DUI convictions in imposing a one-year suspension. *Id.* at 412, 860 P.2d at 28. The Court of Appeals reversed and remanded for resentencing because the operative citation charged an unenhanced, first-offense DUI, and the one-year suspension exceeded the maximum penalty for that charge. *Id.* at 414, 860 P.2d at 30. However, *Halford* clarified that "broad discretion to charge an offense lies with the prosecutor. . . . The prosecutor *may* in some circumstances . . . decline to prosecute." *Id.* (emphasis added) (citations and internal quotation

---

[3] Warner was convicted of "Aggravated Driving Under The Influence" in violation of Montana Code Annotated section 61-8-465. Although that statute was amended in 2015 to impose different penalties based on the number of prior violations of this specific offense, the statute in effect in 2014, when Warner was charged and convicted, did not distinguish a first violation from subsequent violations. Nothing on the face of the Montana court's "Disposition Report" in the record before us indicates that the DUI was charged as a first offense.

marks omitted). Thus, *Halford* merely holds that the court cannot *sua sponte* impose a sentence enhancement that the prosecutor has not properly sought. It does not apply where neither a court nor a prosecutor are involved in the suspension, as in the administrative suspension here.

It is certainly true that had Warner's second DUI occurred in Idaho instead of Montana, she may have had an opportunity to negotiate a plea agreement resulting in an unenhanced DUI and a shorter suspension. But those are not the facts before the Court in this case. Warner's Montana DUI conviction occurred outside Idaho and the Montana court did not order a license suspension, so the judicial suspension scheme is not applicable. Whether an Idaho prosecutor hypothetically would have sought an enhancement is irrelevant. Neither a Montana court nor an Idaho court ordered the suspension of Warner's license as a result of her Montana DUI. Accordingly, Idaho Code section 49-326(1) authorizes the Department to suspend her license.[4] Further, the plain language of Idaho Code section 49-324 requires the Department to "suspend . . . the driver's license . . . of any resident . . . upon receiving notice of the conviction . . . of that person in another state . . . of an offense which, if committed in this state, would be grounds for . . . suspension." It is undisputed that Warner was convicted of a DUI in Idaho in 2012, that she was convicted of a DUI in Montana in 2014, and that driving under the influence is a violation which, if committed in the state of Idaho, would be grounds for suspension.

On the record before the Department, the Montana DUI was not a conviction "for the first time" as required for an unenhanced DUI under Idaho Code section 18-8005(1)(d). Accordingly, it was not error for the Department to apply Idaho Code section 18-8005(4)(e) to impose an administrative suspension for one year based on the Montana DUI being a second rather than a first DUI conviction.[5] It was error for the district court to set aside the Department's one-year suspension, and we vacate that ruling.

## B. Warner has failed to demonstrate that the Department's one-year suspension of her driver's license was unconstitutional.

---

[4] We need not and do not reach the issue of whether the Department has authority to suspend a driver's license under section 49-326(1) when a court in a foreign jurisdiction has ordered the suspension of a license or privileges. That is, we specifically express no opinion whether "the court" in section 49-326(1) includes only Idaho courts or also foreign courts.
[5] It is doubtful that the Department could show statutory authority to impose a suspension longer than the one year mandated by section 18-8005(4)(e).

Warner also argues that her one-year suspension violates constitutional principles related to equal protection, due process, and the right to travel. Her arguments on this issue are vague and conclusory and could be ignored by the Court for those reasons. *See Bach v. Bagley*, 148 Idaho 784, 791, 229 P.3d 1146, 1153 (2010) (refusing to consider arguments unsupported by authority). The district court did not reach Warner's constitutional arguments.

Warner's constitutional arguments fail even on the merits. "The first step in an equal protection analysis is to identify the classification at issue." *McLean v. Maverik Country Stores, Inc.*, 142 Idaho 810, 813, 135 P.3d 756, 759 (2006). Each of Warner's constitutional arguments rests on the premise that the Department seeks to impose on her a greater suspension than would be permitted had her second conviction been within Idaho. But Warner has failed to show that the Department distinguished her in any way from a hypothetical driver with two DUI convictions in Idaho. The record discloses two DUI convictions within ten years, subjecting Warner to the one-year suspension mandated in Idaho Code section 18-8005(4)(e). As discussed above, it is possible that Warner would have been able to negotiate with the prosecutor and avoid an enhanced suspension, had the second offense occurred in Idaho.[6] But Warner offered no evidence tending to show that outcome was certain or even likely. Her assertion that she would have successfully bargained for an unenhanced DUI charge in Idaho is mere speculation. In light of this speculation and the lack of any other evidence tending to show her suspension would have been shorter if her conviction had occurred in Idaho, Warner would have been subject to precisely the same suspension the Department administratively imposed on her.

Warner was not singled out because her conviction was in Montana rather than Idaho. The Department merely eschewed applying Idaho Code section 18-8005(1)(d) because the record indisputably indicated the Montana DUI conviction was not her first DUI conviction in ten years. Instead, the Department properly applied Idaho Code section 18-8005(4)(e) and its one-year suspension because this was a subsequent DUI conviction.

Therefore, we hold that Warner has failed to show her constitutional rights were violated by the Department's administrative suspension of her driver's license for a period of one year.

## V.
## CONCLUSION

---

[6] If the second offense had occurred in Idaho but been prosecuted as a first offense, an Idaho judge would have suspended her license, depriving the Department of authority to do so. I.C. § 49-326(1).

We vacate the district court's decision.

JUSTICES EISMANN, BURDICK, W.JONES, and HORTON CONCUR.